**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                              **4:16CR00047-01-BRW**

**EDMOND DAWAYNE BATTLES**

**ORDER**

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 63) is DENIED.

**I.   BACKGROUND**

On December 11, 2019, Defendant pled guilty to distribution of cocaine.[1] On July 23, 2020, he was sentenced to 130 months in prison, to run concurrently with the revocation sentence currently being served in Eastern District of Arkansas.[2]

**II.  DISCUSSION**

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4]

---

[1] Doc. Nos. 50, 51.

[2] Doc. Nos. 60, 61.

[3] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[4] See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

Defendant has neither asserted nor provided evidence that he has exhausted his administrative remedies with the Bureau of Prisons.  Accordingly, jurisdiction is lacking.

Even if this Court had jurisdiction, the request would be denied.  In support of his motion, Defendant alleges this his diabetes puts him at a higher risk of suffering from COVID-19.  First, diabetes is not an "extraordinary and compelling" reasons to support his release.  Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[5]  Diabetes is not listed.  Defendant has provided no argument or evidence to show that his diabetes is severe enough to prevent him from independently functioning within the prison or that it cannot be controlled with medication.  Second, to the extent it is it being alleged by Defendant, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[6]  Third, Defendant is 35 years old and has served only a fraction of his sentence, which means he does not meet the age and minimum served-time requirement under the Guidelines.

---

[5]Of course, this list predates the COVID-19 outbreak.  U.S.S.G § 1B1.13 cmt. n. 1.  The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

[6]*United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

Since age 17, Defendant has six prior convictions. The convictions include theft by receiving, breaking and entering, possession of a controlled substance, and two separate convictions for possession with intent to distribute cocaine, which is the same behavior involved in the instant offense. In fact, Defendant committed the instant offense while on parole for a prior drug conviction.

The severity of the instant offense must also be considered. On numerous occasions, Defendant sold ounce-quantities of cocaine to a confidential information. The amount of drugs involved in the transaction increased over time from one ounce to, eventually, five ounces of cocaine. Ultimately, Defendant was held responsible for distributing between 200 and 300 grams of cocaine.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 63) is DENIED.

IT IS SO ORDERED, this 17th day of August, 2020.

<u>Billy Roy Wilson</u>
UNITED STATES DISTRICT JUDGE